In the Matter of the Administration of the Goods of
ANTONIO J. MODERNO, Deceased.

*Surrogate's Court — petition by a creditor for the payment of his debt — an assignee*
*of a claim is a " creditor."*

It is provided, by section 2717 of the Code of Civil Procedure, that a petition may
be presented to the Surrogate's Court by a creditor for the payment of a debt
against an estate, at any time after six months have expired since letters were
granted, praying for a decree directing the executor or administrator to pay the
petitioner his claim.

*Held*, that the language of the section did not limit its operation to original
creditors, and that an assignee of a claim was entitled to proceed thereunder.

Appeal by the petitioner, Adelaide O. Moderno, from so much
of an order, entered in the office of the Surrogate's Court of the
county of New York on the 20th day of November, 1891, as denied
her application for payment out of the estate of Antonio J. Moderno
of $392.50 for expenditures made by her for services rendered by
third parties to the decedent in his lifetime.

*A. Knauth*, for the appellant.

No one appearing for the respondent.

Van Brunt, P. J.:

This application was made by the widow of the decedent claiming
to be a creditor of his estate for a decree directing the temporary
administrator to pay certain claims set forth in her petition.
A portion of the claims refer to expenditures made by petitioner
for services rendered by third parties to decedent in his lifetime,
such as hotel charges, nursing, etc., which were paid by her and of
which she became the assignee. Another portion relates to amounts
expended by petitioner for receiving vault and funeral expenses,
and another to expenditures in reference to proving satisfactorily
the death of the decedent, and rendering assistance in and about the
probate of the will.

The surrogate refused to direct the payment of the claims of
which the petitioner was assignee upon the ground that the assignee
of a claim against a decedent has no standing in court under the
Code, section 2717, to compel payment; and he also refused to allow

the payment of the expenses in reference to the probate of the will upon the ground that the necessity of these expenditures was not stated nor the particulars of the assistance rendered by the petitioner in and about proving the decedent's death and the probate of the will. From that portion of the surrogate's decree disallowing the assigned claims this appeal is taken.

We think the learned surrogate erred in the construction of section 2717 of the Code, that an assignee of a claim against a decedent has no standing in court by reason of said section. The provision of the section is that a petition may be presented to the Surrogate's Court by a creditor for the payment of a debt against the estate at any time after six months have expired since letters were granted praying for a decree directing the executor or administrator to pay the petitioner his claim. The assignee of a claim is certainly a creditor of the estate.

The language of the section does not limit it to original creditors, but to any person who, at the time of filing his petition, is a creditor of the estate, embracing, therefore, those who have acquired their claims by assignment as well as those who were original creditors, there being no distinction between the position of an assignee of a claim and the original owner of a claim if it had not been assigned.

We think, therefore, that, so far as the order denied the payment of the claims of which the petitioner was an assignee, it should be reversed, with ten dollars costs and disbursements.

LAWRENCE, J., concurred.

O'BRIEN, J.:

I concur in the conclusion reached, that as assignee she had the same status as the original creditor under section 2717 of the Code. Though there was no formal assignment the learned surrogate rightfully says: " The voluntary payment (by petitioner) of decedent's debts subrogated her to the rights of his creditors, and created an assignment to her of the respective amounts paid."

Order reversed to the extent stated in opinion, with ten dollars costs and disbursements.